FREDERICK W. KEFERSTEIN, Assignee of GEORGE GABHART, Respondent, *vs.* SARAH V. LANKTON, Appellant.

1. *Statutes, construction of—Session Acts of 1867, p. 73—St. Louis, city of— Pavements—Reconstruction and repairs.*—Session Acts of 1867, p. 73, § 10, provides for the original construction, re-construction and repairs, of sidewalks in the City of St. Louis.

*Appeal from St. Louis Circuit Court.*

*Jecko and Hospes*, for Appellant.

If Sess. Act 1867, p. 56, is to be held to apply to this case, then this work (repairing) cannot be assessed as a special tax.

*Thos. Grace*, for Respondent, relied on Sess. Acts 1867, p. 73, § 10.

VORIES, Judge, delivered the opinion of the court.

This action was commenced before a Justice of the Peace in the month of August 1867, to recover the sum of $16 80–100, the amount of a special tax bill charged against the defendant and certain property belonging to her in the tax bill described. The charges in the bill were for sidewalk paving in the vicinity of said property.

The action was brought under the provisions of the statute passed and approved March 13th, 1867, entitled "An act to revise the charter of the City of St. Louis" (Acts 1867, p. 56.) The act took effect from and after its passage.

The plaintiff recovered a judgment before the Justice, from which an appeal was taken to the St. Louis Circuit Court, where a judgment was again rendered against appellant, and from which she appealed to the General Term of said court, where appellant failed to file any statement of her case, as required by the rule of said court, for which reason the judgment was affirmed, from which last judgment an appeal was taken to this court.

The only question presented by the appellant for the consideration of this court, is, whether the act of 1867 referred to, is applicable to the cause of action sued on in this cause, or in other words, whether an action to recover for the work sued for can be maintained under the provisions of said act.

Keferstein, Assignee, v. Leukton.

The appellant insists that the contract under which the work was done was made before the passage of said act; that the remedy that existed at the time of making the contract must be pursued in the collection of the tax to be assessed against appellant therefor; and second, that the work charged for was only for repairing the sidewalk, and that work done in repairing is not provided for in the act of 1867; that therefore, in order to enforce the payment for work done in repairing, resort must be had to the act of 1864, by which it was provided, that assessments for repairing should be collected as the taxes for the general government of the city are collected. (Acts 1864, p. 446.)

In reference to the first question presented, it will be seen by an examination of the contract under which the work was done, that it is dated on the 19th day of November, 1866, and by the terms of it the plaintiff in this suit undertook to do the paving and repairing of sidewalks, &c., in certain parts of the city until the first day of July 1867, when and where the City Engineer should direct it to be done; by the terms of the contract, no particular work is contracted for; the work to be done is to be afterwards directed and determined by the Engineer, so that the appellant is no party to the contract and cannot have any rights therein, and no obligations are imposed on her thereby. Her obligation to pay for the work only arises when the work is ordered to be done and is done in the vicinity of her property; if the work was not ordered to be done, and was not done, before the taking effect of the act of 1867, the collection of the tax assessed for the work will be governed by said act, unless the appellant's other ground of objection is well founded.

The tax bill upon which the suit was brought is dated in June 1867, long after the act of 1867 took effect, and there is no evidence to show at what time the work was done, or that tends to show that the work sued for was done before the taking effect of the act of 1867.

But appellant's counsel contends that the work sued for was done in repairing a sidewalk, and that repairing is not

named or provided for in act of 1867; but is provided for in the act of 1864.

The 10th section of the act of 1867, (Sess. Acts, p. 73,) provides, that "the cost of paving, macadamizing, guttering, cross-walks and curbing of the carriage ways, intersection and sidewalks of all streets, alleys and other highways, and such portion of wharves as may be provided by ordinance, and the cost of all *reconstruction*, and also the cost of grading and paving all alleys in the city, shall in all cases (except such as shall hereafter be provided, and as may be further provided by ordinance, &c.")

The evidence shows that the work for which the bill was charged and assessed was patch-work or repairs, made with new bricks, the old bricks being taken away and new ones put down, and that only part of the sidewalk in front of appellant's property was removed and renewed. It seems to me that it would be very hard to determine whether this work was repairing, or whether it would come under the proper description of reconstruction. The distinction between the two is very nice and difficult to determine. I think however, that the Legislature intended to provide in the act of 1867 for the pavement done in the sidewalks of the city, whether the work was done in the original paving of the sidewalks, or in the reconstruction or repair thereof; that all such work may properly be classed under the head of paving the sidewalks of the city. It is the duty of the courts to carry out the plain intention of the Legislature.

The judgment of the Circuit Court must be affirmed. The other Judges concurring, the judgment is affirmed.